UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JUSTIN DESCANDON GONZALEZ<br>     Plaintiff,<br><br>    vs<br><br>CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT, MICHAEL MCGINN, in his individual and official capacity, EDWARD MURRAY, in his individual and official capacity, JOHN DIAZ, in his individual and official capacity, WILLIAM COLLINS, in his individual and official capacity, PETER MADISON, in his individual and official capacity, JOHN DOES 1-50, in their individual and official capacities,<br>     Defendants | Civil No. |

## I.     PARTIES

1.1     Plaintiff Justin Descandon Gonzalez is a citizen of the United States and a resident of Seattle, in King County, Washington.

1.2     The City of Seattle is a municipal corporation in the State of Washington. Under its authority from the laws of the State of Washington, the City of Seattle operates the Seattle Police Department.

1.3   Michael McGinn was the Mayor for the City of Seattle and resided and continues to reside in Seattle, King County, Washington.  Defendant McGinn is sued in his official and individual capacities.

1.4   Edward B. Murray is the current Mayor of the city of Seattle, and is believed to reside in the city of Seattle, King County, State of Washington.

1.5   Defendant John Diaz was Chief of Police for the Seattle Police Department at relevant times hereto. In committing the acts and omissions alleged hereto, Defendant Diaz was acting under color of state law and within the course and scope of his employment with the Seattle Police Department. Defendant Diaz is sued in his official and individual capacities.

1.6   William Collins was an officer of the Seattle Police Department at all relevant times.  In committing the acts and omissions alleged, Defendant Collins was acting under color of state law and within the course and scope of his employment as an officer in the Seattle Police Department. Defendant Collins is sued in his official and individual capacities.

1.7   Peter Madison was an officer of the Seattle Police Department at all relevant times.  In committing the acts and omissions alleged, Defendant Madison was acting under color of state law and within the course and scope of his employment as an officer in the Seattle Police Department. Defendant Madison is sued in his official and individual capacities.

1.8   John Does 1-5 are unknown agents of the City of Seattle and/or the Seattle Police Department in the chain of command who were responsible for ordering police officers to disperse demonstrators.  The residence of John Does 1-5 is unknown.  Upon belief, John Does 1-5 reside in the State of Washington.

1.9   John Does 6-50 are unknown agents of the City of Seattle and/or the Seattle Police Department who implemented orders by John Does 1-5 to disperse demonstrators and/or used force against, arrested, or provided probable cause information about Plaintiff.  The residence of John Does 6-50 is unknown.  Upon belief, John Does 6-50 reside in the State of Washington.

## II.   JURISDICTION AND VENUE

2.1   This action is brought pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2.2   The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

2.3   The claims alleged herein arose in the City of Seattle, County of King, Washington.

2.4   Venue in the Western District of Washington, Seattle courthouse, is proper pursuant to 28 U.S.C. §1391(b)(2).

2.5   Plaintiff filed a claim for damages in compliance with chapter 4.96 RCW more than 60 days prior to filing or service of this complaint.

## III.   FACTS

3.1   On May 1, 2013, demonstrators gathered in downtown Seattle for an annual "May Day" protest.

3.2   Plaintiff attended the demonstration.

3.3   At or near a public park near Westlake Center, John Does 1-5 attempted to end the demonstration by issuing a general dispersal order.

Case 2:14-cv-01793-BAT   Document 1   Filed 11/21/14   Page 4 of 7

3.4     Police, John Doe 6-50, displayed overwhelming force by using explosives, assault rifles, smoke grenades, tear gas, pepper spray, batons, military assault vehicles, and other types of force in their efforts to cause the demonstrators to end their activities.

3.5     Plaintiff was intimidated by the police demonstration of force, causing him to abandon his first amendment activities to comply with police demands to move from the extant site of the demonstration.

3.6     Plaintiff suffered minimal, ephemeral physical injuries from exposure to tear gas and pepper spray that was deployed by John Doe 6-50, Seattle Police Officers or other agents of the Seattle Police Department.

3.7     Plaintiff suffered minimal, ephemeral physical injuries by a grenade that was thrown at or near him by John Doe 6-50.

3.8     Plaintiff was struck with a baton by Defendant Collins.

3.9     Plaintiff was physical injured by the baton strikes, causing severe bruising, swelling, and pain.

3.10    Plaintiff was thrown to the ground, and his head was forcefully slammed into the ground during his arrest, by John Doe 6-50.

3.11    Plaintiff suffered physical injuries as a result of having his head slammed into the ground.

3.12    Plaintiff was then arrested by John Doe 6-50.

3.13    John Doe 6-50 intentionally or recklessly wrote false statements or intentionally or recklessly provided false information to other officers in order to provide a sworn declaration for the purpose of requesting a judicial officer to determine whether probable cause existed to charge Plaintiff with a crime.



CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.14    Defendant Collins did not provide a statement for determination of probable cause.

3.15    Defendant Collins intentionally or recklessly provided false information to the Seattle City Attorney during the course of criminal proceedings against Plaintiff.

3.16    False information provided by Defendants Collins, Madison, and John Does 6-50 caused criminal proceedings to proceed to trial against Plaintiff.

3.17    Plaintiff was acquitted of criminal charges involving this incident that were alleged by the City of Seattle in Case No. 588515.

### IV.    CAUSES OF ACTION

4.1    The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

4.2    The defendant(s) acted under color of law

4.3    The acts of the defendant(s) deprived the plaintiff of his particular rights under the United States Constitution.

4.4    The acts of the defendant(s) subordinates deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

4.5    The defendant(s) directed his or her subordinate(s) in the act(s) that deprived the plaintiff of these rights.

4.6    The defendant(s) set in motion a series of acts by his or her subordinates that he or she knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.



CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.7 The defendant(s) knew, or reasonably should have known, that his/her subordinate(s) were engaging in these act(s) and that their conduct would deprive the plaintiff of these rights.

4.8 The defendant failed to act to prevent his or her subordinate(s) from engaging in such conduct.

4.9 Defendant(s) acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant(s).

4.10 The act(s) of defendant(s) deprived the plaintiff of his particular rights under the United States Constitutio.

4.11 Defendant(s) had final policymaking authority from defendant City of Seattle concerning these act[s].

4.12 When Defendant(s) engaged in these act(s), s/he was acting as a final policymaker for defendant City of Seattle.

4.13 Under color of law, the acts complained of constitute wrongful arrest and malicious prosecution, excessive use of force, and a policy, custom, or a practice in violation of the Constitution, and a violation of the First Amendment in the issuance and enforcement of the dispersal order, and in the forcible removal of plaintiff from a public area.

## V. REQUEST FOR RELIEF

5.1 Compensatory damages.

5.2 Punitive damages against individual defendants.

5.3 Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or as otherwise authorized by statute or law.

5.4 Costs.

5.5     Declaratory relief, including but not limited to a ruling that Seattle Police Officers violated the rights of Plaintiff and other United States Citizens to freely, speak, assemble, and/or petition their government.

5.6     Injunctive relief, including but not limited to a requirement that all Seattle Police Officers must wear microphones and video cameras at all times while on duty.

5.7     Injunctive relief, including but not limited to a requirement that all Seattle Police Officers must wear microphones and video cameras at all times while on duty during crowd control situations.

5.8     For such other and further relief as the court deems just and proper.

Date: November 21, 2014

/s/ Kenan Isitt
Kenan Isitt, WSBA# 35317

/s/ Jay Carlson
Jay Carlson, WSBA# 30411

/s/ Jason Moore
Jason Moore, WSBA#41324

Attorneys for Defendant Justin Gonzalez

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486